*1105 opinion.
Tbussell :
The sole question for determination is whether the respondent erred in refusing to allow any deductions in the years in question for exhaustion of a patent issued in 1915 upon an invention and application for patent acquired by petitioner in 1914. An examination of the deficiency letter, a copy of which is attached to the petition, shows the disallowance of the deduction was upon one ground alone, it being stated that “ Information submitted indicates that the patent paid in for stock in 1914, had no value, and the depreciation claimed on the patent, is, therefore, disallowed.”
Respondent now contends that an application made for patent by Sullivan on July 29, 1912, and hereafter referred to as the “ 1912 patent ” is shown by the record to have been in fact the property of a corporation by which Sullivan had been formerly employed, as it was made within three years after his leaving that employment, the contract under which he had formerly rendered services providing that any invention on which he should make application for patent within three years after leaving such employment would be the prop *1106 erty of his employer. It is insisted that, this application being the property of Sullivan’s former employer, his attempted transfer of it to petitioner in December, 1912, was void, as he could transfer no better title than he himself had, and consequently petitioner received nothing of value in return for the $15,000 par value stock issued in return for the assignment. It is further insisted that the reassignment of this application to Sullivan was the consideration for the latter’s assignment in 1914 to petitioner of a second invention and application for patent thereon, deductions for exhaustion of the patent issued on which are here involved. He contends that, as the first application had no value to petitioner, it must follow that the second application for patent acquired in consideration of the reassignment of the valueless first application must be considered to have been acquired by petitioner without cost, and that it accordingly can not be considered as having a cost value subject to depreciation.
The record clearly shows that the consideration for both of the patent applications was the $75,000 par value stock issued to Sullivan; that the 1912 application for patent proved defective and the title questionable and a reassignment of same without consideration was made to Sullivan; and that his continued possession and ownership of the $75,000 of stock issued was thereafter in consideration of the assignment of this 1914 application for patent. The fact' that petitioner acquired this asset in 1914 and owned it during the taxable years here in question is not disputed. Those facts are not in issue in this proceeding nor does the record contain any testimony from which a contrary conclusion might be reached.
It is clearly shown that the application for patent which resulted in the issuance of Patent No. 1,145,818, referred to as the “ 1914 patent ” and on which respondent has disallowed deductions taken by petitioner for exhaustion in the calendar years 1923 to 1926, inclusive, was acquired by petitioner in 1914 and that the consideration paid for it by petitioner was the $75,000 par value of stock theretofore issued to Sullivan. We have found on the evidence that this $75,000 par value of stock had a fair market value on that date, on March 1, 1913, and during 1914 of $75,000, and that the patent application referred to had an actual cash value of at least $75,000 when so acquired. *
Respondent was in error in disallowing the deductions for exhaustion, on the basis of $75,000 taken by petitioner.
Reviewed by the Board.

Judgment will be entered for the fetitioner.